IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL K. MATTOX,

                    Plaintiff,

          v.                        CASE NO.  07-3322-SAC

SECRETARY OF CORRECTIONS
ROGER WERHOLTZ, et al.,

                    Defendants.

O R D E R

        This civil rights complaint was filed by an inmate of the
Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF).
Plaintiff names as defendants Roger Werholtz, Secretary of
Corrections for the State of Kansas; and COI Lemuz.  Plaintiff has
also filed an Application to Proceed Without Prepayment of Fees
(Doc. 2).

        As the factual basis for his complaint, Mr. Mattox alleges
that on July 30, 2007, he was in his room naked and defendant COII
Lemuz wrote him up for lewd acts.  He alleges defendant Werholtz
"upheld the grievance."  He asserts his rights to be free of cruel
and unusual punishment under the Eighth Amendment and to privacy
under the Fourth Amendment were violated.  Plaintiff seeks one
billion dollars for pain and suffering and one billion dollars for
mental anguish.

        Plaintiff alleges he has filed an administrative grievance.
His exhibits include a grievance he filed on July 30, 2007,

claiming he was sleeping naked and had a right to be naked in his cell, which was violated.  He sought relief including one trillion dollars and release from prison.  Plaintiff was informed in the Unit Team response that no inmate was allowed to intentionally expose himself with the knowledge he would be viewed by others.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff seeks leave to proceed without prepayment of fees (Doc. 2).  He is reminded that under the Prison Litigation Reform Act a prisoner litigant is required to pay the full district court filing fee of $350.00 for each civil action he files[1].  28 U.S.C. § 1915(b)(1).  The granting of leave merely entitles him to pay the filing fee over time with periodic payments deducted from his inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Plaintiff was granted leave to proceed without prepayment of fees in three prior actions and has outstanding fee obligations in those actions, Case No. 07-3319, Case No. 07-3320, and Case No. 07-3321. Because any funds advanced to the court by plaintiff on his behalf must first be applied to plaintiff's outstanding fee obligations, the court grants plaintiff leave to proceed without prepayment of fees in the instant matter.  Collection of the full district court filing fee in this case shall begin upon plaintiff's satisfaction of his prior obligations in Case No. 07-3319, Case No. 07-3320, and

---

[1]     The court notes Mr. Mattox has simultaneously filed three other lawsuits, and reiterates he will be obligated to pay the filing fee of $350.00 in each of his cases.

Case No. 07-3321.


**SCREENING**

Because Mr. Mattox is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution or law of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). A "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10 Cir. 1991). However, the court cannot assume the role of advocate for the pro se litigant, and a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based. Id. (Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based). The court "will not supply additional factual allegations to round out a

plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-74 (10th Cir. 1997).


## FAILURE TO ALLEGE PERSONAL PARTICIPATION BY DEFENDANT WERHOLTZ

In order for a particular defendant to be held liable for money damages in a civil rights action, plaintiff must allege facts showing the individual's personal participation in the allegedly unconstitutional acts upon which the complaint is based. Plaintiff's action is based upon the alleged act of defendant Lemuz in apparently writing a disciplinary report against him. Secretary Werholtz is not alleged to have participated in this act in any fashion, and his supervisory position is not a sufficient basis for liability. Plaintiff's bald statement that Werholtz denied his grievance is not sufficient to evince this defendant's personal participation in any illegal act. Consequently, this action must be dismissed against defendant Werholtz unless plaintiff supplements his complaint with factual allegations describing how Werholtz actually participated in the alleged unconstitutional conduct.


## FAILURE TO ALLEGE AN EIGHTH AMENDMENT CLAIM

In addition, Mr. Mattox does not allege sufficient facts to state a claim amounting to cruel and unusual punishment. Claims under the Eighth Amendment have two elements: "an objective

component requiring that the pain or deprivation be sufficiently
serious; and a subjective component requiring that the offending
officials act with a sufficiently culpable state of mind." 
Mitchell v. Maynard, 80 F.3d 1433, 1444 (10th Cir. 1996).   The
objective component requires an "extreme deprivation" denying a
"minimal civilized measure of life's necessities."   Hudson v.
McMillian, 503 U.S. 1, 9 (1992).  The subjective component requires
that, in order to be held liable, the defendant prison official
must act with deliberate indifference to the prisoner's health or
safety.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Plaintiff
alleges no facts indicating he has suffered either an extreme
deprivation or serious injury.  Nor does he allege facts suggesting
a sufficiently culpable state of mind on the part of defendant
Lemuz.  His allegations that defendant Lemuz wrote him up for lewd
acts for lying in his cell naked, even taken as true, do not
support the inference that Lemuz acted with deliberate indifference
to plaintiff's health or safety.  Nor does plaintiff allege any
facts suggesting a denial of due process.

Plaintiff will be given time to cure these deficiencies by
submitting a "Supplement to Complaint" containing additional facts
to show personal participation by defendant Werholtz and to support
a claim of federal constitutional violation in accord with the
foregoing Order.  If he fails to submit a "Supplement to Complaint"
within the time allotted by the court, this action may be dismissed
without further notice.

IT IS THEREFORE ORDERED that plaintiff's motion for leave

to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to file a "Supplement to Complaint" stating additional facts showing personal participation by defendant Werholtz and additional facts sufficient to support a federal constitutional claim.

The Clerk is directed to transmit a copy of this Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 9th day of January, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge